UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON ENRIQUE MEDINA SOTO, A-Number: 220-281-664,<br><br>Petitioner,<br><br>v.<br><br>TODD M. LYONS, et al.,<br><br>Respondents. | No. 1:26-cv-03458-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PETITION FOR WRIT OF HABEAS CORPUS AND TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Docs. 1, 2, 14)<br><br>[14-DAY DEADLINE] |

## I. INTRODUCTION

Petitioner Marlon Enrique Medina Soto is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He contends that his continued detention without any bond hearing violates the Due Process Clause. The petition (Doc. 1) and the accompanying motion for temporary restraining order (Doc. 2) were referred to the undersigned for the preparation of findings and recommendations. (Doc. 13).

For the reasons set forth below, the undersigned recommends that the petition (Doc. 1) be **GRANTED IN PART**, that Respondents be directed to provide Petitioner an individualized bond hearing before an immigration judge, that the petition (Doc. 1) be **DENIED IN PART** to the extent it seeks immediate release, that the motion for temporary restraining order (Doc. 2) be **DENIED AS MOOT**, and the motion to expedite be **DENIED AS MOOT**.

## II. BACKGROUND

### A. Petitioner's Immigration History

Petitioner is a native and citizen of Venezuela. (Doc. 1 ¶¶ 6, 8). He entered the United States without inspection on or about June 24, 2021, near Calexico, California, and was detained by immigration authorities on the same date. (Doc. 1 ¶¶ 8-9; Doc. 9 at 2). Petitioner expressed a fear of return, and on July 27, 2021, an asylum officer issued a positive credible fear determination. (Doc. 1 ¶ 9; Doc. 9 at 3).

On August 4, 2021, the Department of Homeland Security initiated removal proceedings against Petitioner. (Doc. 9 at 3). On August 18, 2021, Petitioner was released from custody upon posting a $3,000 bond payment under 8 U.S.C. § 1226(a). (Doc. 1 ¶ 10; Doc. 9 at 3). Petitioner thereafter resided in Oklahoma and, beginning in or around October 2021, in Texas, where he notified U.S. Immigration and Customs Enforcement ("ICE") of his change of address. (Doc. 1 ¶ 11; Doc. 9 at 3). He remained at liberty for approximately four years without any recorded failure to appear or bond violation. (Doc. 1 ¶ 11).

### B. Criminal Conviction and Re-Detention

On March 13, 2025, Petitioner was arrested in Denton County, Texas, on a misdemeanor theft charge. (Doc. 1 ¶ 13; Doc. 9 at 3). On October 7, 2025, he entered a plea of no contest, was fined, and was released from criminal custody. (*Id.*). Because immigration authorities had lodged a detainer, Petitioner was transferred directly to ICE custody on October 8, 2025. (Doc. 1 ¶ 13; Doc. 9 at 3). He has remained in ICE custody continuously since that date and is presently held at the California City Detention Center. (Doc. 1 ¶ 14; Doc. 9 at 3).

On December 11, 2025, an immigration judge issued an order denying Petitioner's request for a custody redetermination, concluding that the immigration court lacked jurisdiction over the request. (Doc. 12 at 37-38). That order rested on the reasoning of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.*). Petitioner states he has never received an individualized bond hearing during his present detention. (Doc. 1 ¶ 14).

On May 7, 2026, an Immigration Judge ordered Petitioner removed to Venezuela. (Doc. 9-1). Petitioner filed a Notice of Appeal and supporting brief with the Board of Immigration Appeals

("BIA") on May 14, 2026. (Doc. 12 at 6-22). That appeal remains pending.

**C. Prior Habeas Petition**

On December 20, 2025, Petitioner filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for temporary restraining order in this Court. *See Medina Soto v. Robbins*, No. 1:25-cv-01954-KES-SKO. (Doc. 9 at 1). On February 20, 2026, the District Judge denied the motion for temporary restraining order, determining that Petitioner's detention is governed by 8 U.S.C. § 1226(c)(1)(E). (*Id.*) On March 9, 2026, the assigned Magistrate Judge issued findings and recommendations to deny the petition. (Doc. 9 at 2). Before those findings were acted upon, the parties stipulated to dismissal without prejudice, on the condition that Petitioner reference that action in any subsequent habeas petition. (*Id.*) Petitioner filed the present petition five days later. (*Id.*)

**D. This Action**

Petitioner filed the instant petition and motion for a temporary restraining order on May 5, 2026. (Docs. 1, 2). On May 6, 2026, the District Judge found the present action related to the prior action and reassigned the case, set a briefing schedule, and ordered that Respondents not transfer Petitioner out of this District pending decision. (Docs. 4, 5). Respondents opposed on May 8, 2026. (Doc. 9). Petitioner replied on May 14 and May 20, 2026. (Docs. 11, 12). On May 27, 2026, the District Judge referred the petition and motion for temporary restraining order to the undersigned. (Doc. 13).

On June 30, 2026, Petitioner moved to expedite a ruling and gave notice of his continued detention. (Doc. 14). On July 7, 2026, the undersigned directed Respondents to report whether the claimed detention authority had changed. (Doc. 15). Respondents reported on July 8, 2026 that it had not, and that Petitioner remains subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). (Doc. 16).

## III. DISCUSSION

**A. Jurisdiction**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the California City Detention Center in California City, California, within this judicial district, and he challenges the constitutionality of his detention. Jurisdiction is therefore proper.

Respondents contend that the Laken Riley Act amended the judicial review provision at 8 U.S.C. § 1226(e) forecloses review of discretionary custody determinations. Nonetheless, the Laken Riley Act does not bar the constitutional question posed here about whether a hearing is owed under the Due Process Clause. The Supreme Court in *Demore* did not foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See Demore* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified"). Petitioner asks the Court whether the Due Process Clause entitles him to a hearing, and that question remains within the Court's jurisdiction.

**B. The Successive Nature of the Petition Does Not Bar Review**

Although Respondents recount the history of Petitioner's earlier petition, they do not move to dismiss this action as successive, and the undersigned finds no bar to review.

28 U.S.C. § 2244(a) addresses applications inquiring "into the detention of a person pursuant to a judgment of a court of the United States." Petitioner is held pursuant to civil immigration authority, not a judgment of a federal court. In any event, the prior petition was dismissed without prejudice by stipulation, and the findings and recommendations issued in that action were never adopted. No merits determination was ever entered.

Additionally, a claim that detention has become unconstitutionally prolonged is by nature a continuing one. The relevant facts have materially changed since the prior action: Petitioner has been detained for an additional five months, an immigration judge has ordered him removed, and an administrative appeal is now pending. Those developments present a claim that could not have

been adjudicated earlier.

**C. Petitioner's Detention Is Governed by 8 U.S.C. § 1226(c)(1)(E)**

Section 1226(c)(1)(E) requires the detention of any alien who "is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a)" and who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense." 8 U.S.C. § 1226(c)(1)(E).

In Petitioner's prior action, the District Judge determined that section 1226(c)(1)(E) governs Petitioner's detention, and Respondents confirm that the claimed authority has not changed. (Doc. 16). Petitioner was charged as inadmissible under section 1182(a)(6)(A)(i), satisfying the first element of section 1226(c)(1)(E), and his October 7, 2025 theft conviction satisfies the second element. (*See* Doc. 12 at 37). The District Judge's prior determination and the statute's plain text make clear that Petitioner's detention is governed by section 1226(c)(1)(E).

**D. Petitioner's Continued Detention Without a Bond Hearing Violates Due Process**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately four months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an

individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

The end of Petitioner's detention is not reasonably foreseeable. Civil immigration detention is nonpunitive and is ordinarily justified only by the twin purposes of preventing flight and protecting the community pending removal. *Zadvydas*, 533 U.S. at 690. Detention that is not reasonably related to those purposes, including detention that has become prolonged and lacks a determinable end, raises serious constitutional concerns. *Id.* at 690-91. Respondents correctly observe that detention under section 1226(c) "has a definite termination point: the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (quotation marks omitted). But that endpoint is not near or reasonably foreseeable. Petitioner's appeal was docketed with the BIA in May 2026 and remains pending without a decision. Should the BIA affirm, detention authority will shift to section 1231 and a further removal period will begin. On the other hand, should the BIA remand, proceedings before an immigration judge will resume. Either way, Petitioner's detention is likely to extend well beyond one year in total. In accordance with *Jennings*, the undersigned does not treat any fixed period of detention under section 1226(c) as a bright line. Nonetheless, in light of the approximately ten months of detention here with no reasonably foreseeable endpoint, the *Mathews* balancing test now favors an individualized hearing.

i. Private Interest.

Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has been in ICE custody since October 8, 2025—approximately ten months—without any bond hearing or individualized custody determination. This detention period exceeds the four-month figure the Supreme Court described in *Demore* as the outer range for a section 1226(c) detainee who pursues an appeal. 538 U.S. at 529–30. This factor weighs substantially in Petitioner's favor.

Additionally, as discussed above, the record establishes no anticipated endpoint. Respondents moved Petitioner's removal proceedings to a merits decision within approximately seven months of his transfer to ICE custody. The additional time is attributable to Petitioner's appeal. But that appeal is his first, was timely filed, and raises non-frivolous claims, including the effect of his positive credible fear determination on his application for relief. A detainee's good-faith pursuit of the administrative review Congress provided is not the kind of dilatory conduct that weighs against him. Were the rule otherwise, a noncitizen would be required to forfeit his appeal to preserve his liberty interest. The factor weighs in Petitioner's favor.

ii. Risk of Erroneous Deprivation.

"[T]he risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received no individualized bond hearing before an immigration judge. The very premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document. Whatever the outcome of a bond hearing, where the Government may carry its burden, the probable value of subjecting its allegations to individualized scrutiny after ten months of detention is substantial, and the risk of erroneous deprivation in the continued absence of any hearing is likewise high. This factor favors Petitioner.

Respondents emphasize that an immigration judge has now found Petitioner removable, which bears on his incentive to abscond. That is a legitimate concern, but it is an argument for what the outcome of a bond hearing should be, not a reason to withhold one. Petitioner remained at

liberty on a section 1226(a) immigration bond for approximately four years, during which he complied with his reporting obligations and appeared in his removal proceedings. His criminal history consists of a single misdemeanor theft offense resolved by a no-contest plea and a fine. He received a positive credible fear determination, and he has family ties in the United States. These are precisely the considerations an individualized custody determination exists to weigh.

Respondents' contention that the process due is a determination whether Petitioner is "properly included" in a mandatory detention category does not alter this conclusion. (Doc. 9 at 4-5). A *Joseph* hearing tests whether a detainee is properly included within section 1226(c), meaning whether the government is substantially unlikely to prevail on the charge that triggers mandatory detention. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). It reaches neither dangerousness nor flight risk, and it does not address Petitioner's constitutional claim.

iii. <u>Government's Interest.</u>

The Government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The Government has a strong interest in effecting removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. But the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after approximately ten months without review. The question of whether continued detention is warranted is committed to the immigration judge.

Weighing the *Mathews* factors, the undersigned concludes that Petitioner's continued detention under section 1226(c), without any individualized bond hearing, has become unreasonably prolonged, and that due process now requires an individualized bond hearing.

**E. Motion for Temporary Restraining Order (Doc. 2)**

The undersigned construes Petitioner's motion for temporary restraining order, also titled as an *ex parte* application for temporary restraining order, as seeking two forms of relief: an order directing immediate release, and in the alternative, an order directing a bond hearing. Both forms of relief are sought in the petition and are addressed in these findings and recommendations.

Because the motion for temporary restraining order seeks the same relief as the petition, and nothing would gained by treating the motion as a separate vehicle for relief, the undersigned recommends that the motion (Doc. 2) be **DENIED AS MOOT**.

Respondents' request that the motion for temporary restraining order be converted into a motion for preliminary injunction (Doc. 9 at 1) should likewise be DENIED AS MOOT.

**F. Motion to Expedite (Doc. 14)**

In light of these findings and recommendations, the undersigned recommends that Petitioner's motion to expedite a ruling and for a status order be **DENIED AS MOOT**.

**G. Order Barring Petitioner's Transfer Out of This District**

Petitioner requests an order barring his transfer out of this District while his petition remains pending. (Docs. 1, 14). The undersigned notes that the District Judge has already issued such an order. (*See* Doc. 5 ("[T]he Court ORDERS that respondents shall not transfer petitioner out of this District.")). Nonetheless, for clarification, the undersigned recommends that the District Judge's May 6, 2026 order barring Petitioner's transfer out of this District (Doc. 5) remain in effect until the bond hearing recommended below has been held.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART**;
2. Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial

of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;

3. The petition (Doc. 1) be **DENIED IN PART** to the extent Petitioner's immediate release is sought;

4. The motion for temporary restraining order (Doc. 2) be **DENIED AS MOOT**;

5. The order prohibiting Respondents from transferring Petitioner out of this District (Doc. 5) **REMAIN IN EFFECT** until the bond hearing has been held; and,

6. The motion to expedite (Doc. 14) be **DENIED AS MOOT**.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Erin Sug Castillo
UNITED STATES MAGISTRATE JUDGE